IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Elkins

**ELWOOD JOHNSON,**

        Petitioner,

v.                                      **CIVIL ACTION NO. 2:17-CV-6**
                                               Judge Bailey

**WEST VIRGINIA BOARD OF PAROLE,**

        Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION

The above-styled matter came before this Court for consideration of the Report and Recommendation of United States Magistrate Judge Robert W. Trumble [Doc. 81]. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Trumble for submission of a proposed report and recommendation ("R&R"). Magistrate Judge Trumble filed his R&R on May 19, 2022, wherein he recommends, *inter alia*, the § 2254 petition be denied and dismissed with prejudice. For the reasons that follow, this Court will adopt the R&R.

### I. BACKGROUND

On January 23, 2017, petitioner, then an inmate at Huttonsville Correctional Center in Huttonsville, West Virginia, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. [Doc. 1]. Petitioner was released on parole in August 2020. Consequently, respondent is now identified as the West Virginia Board of Parole. Pending before this Court is petitioner's Motion for Summary Judgment [Doc. 15]; original respondent's Motion to Dismiss as

1

Unexhausted or in the Alternative, to Hold the Matter in Abeyance to Permit Exhaustion by the Petitioner [Doc. 21]; petitioner's Motion to Active Case Status [Doc. 64]; the Answer by the West Virginia Parole Board [Doc. 72]; and petitioner's Motion for a Directed Verdict [Doc. 80].

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. ***Thomas v. Arn***, 474 U.S. 140, 150 (1985). Nor is this Court required to conduct a *de novo* review when the party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." ***Orpiano v. Johnson***, 687 F.2d 44, 47 (4th Cir. 1982).

In addition, failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); ***Snyder v. Ridenour***, 889 F.2d 1363, 1366 (4th Cir. 1989); ***United States v. Schronce***, 727 F.2d 91, 94 (4th Cir. 1984). *Pro se* filings must be liberally construed and held to a less stringent standard than those drafted by licensed attorneys, however, courts are not required to create objections where none exist. ***Haines v. Kerner***, 404 U.S. 519, 520 (1972); ***Gordon v. Leeke***, 574 F.2d 1147, 1151 (4th Cir. 1971).

2

Here, objections to Magistrate Judge Trumble's R&R were due within fourteen (14) days of receipt of the R&R, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure. Petitioner filed a Response to Report and Recommendation [Doc. 83] on June 13, 2022. Accordingly, this Court will review the portions of the R&R to which objections were filed *de novo*, and the remainder of the R&R will be reviewed for clear error.

### III. DISCUSSION

Petitioner's claims stem from his May 19, 1989, convictions of first degree sexual abuse and second degree sexual assault.[1] Following unsuccessful challenges to the convictions in appellate and habeas proceedings in state court, petitioner filed the instant federal post-conviction proceeding. In support of his federal petition, petitioner contends (1) his due process rights were violated by the state's presentation of perjured and unreliable evidence and testimony; and (2) during trial, West Virginia State Police serologist Fred Zain[2] offered testimony and presented evidence that was perjured and had a material and prejudicial effect on the jury. See [Doc. 1 at 7].

In ***In the Matter of an Investigation of the West Virginia State Police Crime Laboratory, Serology Division***, 190 W.Va. 321, 438 S.E.2d 501 (1993) ("***Zain I***"), the Supreme Court of Appeals of West Virginia held that:

---

[1] A complete and thorough account of the history and posture of petitioner's case is included in Magistrate Judge Trumble's forty-five page R&R, which this Court incorporates herein.

[2] As identified by Magistrate Judge Trumble, Fred Zain's improprieties constituted one of the most infamous examples of investigative misconduct in modern policing history and gave rise to an independent body of state law concerning habeas relief based on the use of falsified evidence offered by Zain.

3

> in any habeas corpus hearing involving Zain evidence, the only issue is whether the evidence presented at trial, independent of the forensic evidence presented by Trooper Zain, would have been sufficient to support the verdict. As we have earlier stated, once the use of false evidence is established, as here, such use constitutes a violation of due process. The only inquiry that remains is to analyze the other evidence in the case under the [*State v.*] *Atkins* [163 W.Va. 502, 261 S.E.2d 55 (1979)] rule to determine if there is sufficient evidence to uphold the conviction.

*Zain I*, 193 W.Va. at 326, 438 S.E.2d at 506. The Supreme Court of Appeals of West Virginia applied the *Atkins* rule in its review of claims concerning falsification of evidence by Zain, stating:

> Where improper evidence of a nonconstitutional nature is introduced by the State in a criminal trial, the test to determine if the error is harmless is: (1) the inadmissible evidence must be removed from the State's case and a determination made as to whether the remaining evidence is sufficient to convince impartial minds of the defendant's guilt beyond a reasonable doubt; (2) if the remaining evidence is found to be insufficient, the error is not harmless; (3) if the remaining evidence is sufficient to support the conviction, an analysis must be made to determine whether the error had any prejudicial effect on the jury.

*Id*.

Turning first to petitioner's argument concerning due process violations relating to Grand Jury testimony, the magistrate judge properly concluded that petitioner has not stated a cognizable claim in this federal habeas proceeding as the claim relates to state grand jury proceedings. See *Barbe v. McBride*, 740 F.Supp.2d 759, 768 (N.D. W.Va. 2010) (Bailey, J.), aff'd, 477 F.App'x 49 (4th Cir. 2012) ("[T]he Fifth Amendment's grand jury clause has never been extended to the states[.]"); *Hartman v. Lee*, 283 F.3d 190, 195 (4th Cir. 2002) ("the Fifth Amendment requirement of indictment by grand jury does not apply to the states"); *Riggleman v. State of West Virginia*, 2007 WL 984218, at *6 (N.D. W.Va. Mar. 29, 2007) (Maxwell, J.) (finding claims that a grand jury proceeding was defective do not warrant § 2254 relief because there is no federal constitutional right to a grand jury indictment for a state offense).

Concerning petitioner's argument based on Zain evidence, the magistrate judge conducted a lengthy and meticulously detailed review and analysis of the state's evidence. Based on the same, the magistrate judge properly concluded, pursuant to *Zain I*, that there was overwhelming evidence support the jury verdict even when completely excluding Zain's testimony at petitioner's trial. Therefore, Magistrate Judge Trumble found that the minor involvement of Zain in petitioner's trial does not automatically invalidate the verdict because the non-forensic evidence sufficiently supported the jury's conclusions. Furthermore, Magistrate Judge Trumble properly concluded that Zain's testimony had no prejudicial impact on the jury because it was not central to the State's argument.

Based on these conclusions, the magistrate judge found that petitioner cannot prove a due process violation and therefore recommended denial of federal habeas relief.

In his Response [Doc. 83], petitioner offers a cursory, page and a half objection to the R&R arguing, essentially, that the evidence offered by Zain at trial was relevant, important, and singled out for emphasis by the state. Having reviewed the entirety of the transcript from petitioner's underlying trial, this Court disagrees and overrules the objection. In consideration of the R&R, it is clear to this Court that Magistrate Judge Trumble's findings of fact and conclusions of law contained in the R&R are sound and proper.

## IV. CONCLUSION

For the aforementioned reasons, the entirety of petitioner's Objections [**Doc. 83**] are **OVERRULED**, and it is the opinion of this Court that the **Report and Recommendation** [**Doc. 81**] should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated in the magistrate judge's report. Accordingly, Respondent's Motion to Dismiss as Unexhausted or Alternatively, Motion to Hold the Matter in Abeyance to Permit Exhaustion [**Doc. 21**] is **DENIED AS MOOT**. Petitioner's § 2254 petition [**Doc. 1**] is **DENIED AND DISMISSED WITH PREJUDICE**. Petitioner's Motion for Summary Judgment [**Doc. 15**] is **DENIED**. Petitioner's Motion to Active Case Status [**Doc. 64**] is **GRANTED**. Petitioner's Motion for a Directed Verdict [**Doc. 80**] is **DENIED**.

This Court further **DIRECTS** the Clerk to enter judgment in favor of the respondent and to **STRIKE** this case from the active docket of this Court.

It is so **ORDERED**.

An appeal may not be taken from the final order in a § 2254 proceeding unless the district court issues a certificate of appealability. See 28 U.S.C. § 2253(c)(1)(A). A certificate

of appealability will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner has failed to make this showing and, accordingly, this Court **DECLINES** to issue a certificate of appealability.

The Clerk is directed to transmit copies of this Order to any counsel of record and to mail a copy to the *pro se* petitioner.

**DATED**: June 23, 2022.

**JOHN PRESTON BAILEY**
**UNITED STATES DISTRICT JUDGE**